IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JIM LAWRY, and RONDA LAWRY )<br>c/o Christopher Wido, Esq. )<br>The Spitz Law Firm, LLC )<br>25200 Chagrin Boulevard, Suite 200 )<br>Beachwood, Ohio 44122 )<br>)<br>On behalf of themselves and )<br>all others similarly situated, )<br>)<br>v. )<br>)<br>JACK ENTERTAINMENT, LLC )<br>c/o CT Corporation System )<br>1300 East Ninth Street )<br>Cleveland, OH 44114 )<br>)<br>-and- )<br>)<br>ROCK OHIO VENTURES LLC )<br>c/o The Corporation Company )<br>40600 Ann Arbor Road E, Suite 201 )<br>Plymouth, Michigan, 48170 )<br>)<br>-and- )<br>)<br>ROCK VENTURES LLC )<br>c/o The Corporation Company )<br>40600 Ann Arbor Road E, Suite 201 )<br>Plymouth, Michigan, 48170 )<br>)<br>Defendants ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiffs Jim, Lawry and Ronda Lawry ("Plaintiffs"), bring this action on behalf of themselves and all those similarly situated against Defendants Jack Entertainment, LLC, Caesar's Entertainment Corporation, Rock Ohio Caesars, LLC, and Horseshoe Cleveland Management, LLC, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq*. Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. §



216(b), while the Ohio Acts claims are asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiffs' own conduct and the conduct and acts of others.

## PARTIES

1. Jim and Ronda Lawry are adult individuals residing at 9509 Biddulph Road, Brooklyn, Ohio 44144.

2. Jim and Ronda Lawry are a married couple.

3. For the purposes of this Complaint, Jim and Ronda Lawry are hereinafter referred collectively as "Plaintiffs."

4. The Plaintiffs have consented in writing to be parties to this collective action pursuant to 29 U.S.C. § 216(b).

5. Jim Lawry's signed consent to sue form will be supplemented to this Complaint within the next thirty (30) days.

6. Ronda's Lawry's signed consent to sue form will be supplemented to this Complaint within the next thirty (30) days.

7. The putative FLSA Class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 66 of the Complaint.

8. Rock Ventures, LLC is a Michigan corporation which lawfully conducts business in Ohio. Rock Ventures is the parent company of Rock Ohio Ventures, LLC.

9. Rock Ohio Ventures, LLC is a Delaware Corporation lawfully licensed to conduct business in Ohio. Rock Ohio Ventures, LLC is the parent company of Jack Entertainment, LLC.

10. Jack Entertainment, LLC is a Delaware corporation lawfully licensed to conduct business in the state of Ohio.

11. Prior to February of 2016, Jack was operated under the name "Rock Gaming, LLC."



12. At all time referenced herein, Rock Ventures, LLC, Rock Ohio Ventures, LLC, and Jack Entertainment, LLC a.k.a Rock Gaming LLC, had a common business purpose, a unified operation, and common ownership, and formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and form a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

13. Rock Ventures, LLC, Rock Ohio Ventures, LLC, and Jack Entertainment, LLC are hereinafter referred to collectively as "Jack."

14. In or around 2010, Jack opened the Horseshoe Casino in a joint venture with Caesar's Entertainment Group ("Caesars") under the operating name "Rock Ohio Caesars LLC."

15. Rock Ohio Caesar's created a management company, Horseshoe Cleveland Management, LLC, for the purposes of operating the Horseshoe Casino.

16. Jack, through Rock Ohio Caesars, LLC and/or Horseshoe Cleveland Management, LLC, maintained operational control over the Horseshoe Casino, and established and controlled the Horseshoe Casino's employment policies, procedures, and guidelines, to include the unlawful compensation policies described herein.

17. At all times material to the Complaint, Jack was Plaintiffs' and members of the putative FLSA Class' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

## JURISDICTION AND VENUE

18. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

19. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.



20. This Court has personal jurisdiction over Rock Ventures, LLC because it is and/or was Plaintiffs' employer, and because it is the parent company of Rock Ohio Ventures, LLC and Jack Entertainment, LLC, which are corporations that are registered to conduct business in this District. Further, at all times material to the allegations contained herein, Rock Ventures, LLC conducted substantial business in this District through its various subsidies and affiliates, to include, but not limited to Rock Ohio Ventures, LLC, Jack Entertainment, LLC, Rock Ohio Caesars, LLC, and Horseshoe Cleveland Management, LLC, and had sufficient minimum contacts within this District.

21. This Court has personal jurisdiction over Rock Ohio Ventures, LLC because it is and/or was Plaintiffs' employer, and because it is the parent company of Jack Entertainment, LLC, which is a corporation that is registered to conduct business in this District. Further, at all times material to the allegations contained herein, Rock Ohio Ventures, LLC conducted substantial business in this District through Jack Entertainment, LLC and had sufficient minimum contacts within this District.

22. This Court has personal jurisdiction over Jack Entertainment, LLC because it is and/or was Plaintiffs' employer, and because it is a corporation that is registered to conduct business in this District. Further, at all times material to the allegations contained herein, Jack Entertainment, LLC conducted substantial business in this District and had sufficient minimum contacts within this District.

23. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and always have been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District.

The Employee's Attorney.™



## FACTS

24. Defendants have employed Jim Lawry as a Dealer from approximately May 2012 through present date.

25. Jim Lawry primarily deals for Poker games for Defendants.

26. At all times material to the Complaint, Jim Lawry was compensated $4.66 per hour by Defendants.

27. In addition to his hourly wage, Jim Lawry receives tips from Jack customers.

28. Defendants employed Ronda Lawry as a Dealer from approximately May 2011 through present date.

29. Ronda Lawry primarily deals for Table Games for Defendants.

30. At all times material to the Complaint, Ronda Lawry was compensated $4.66 per hour by Defendants.

31. In addition to her hourly wage, Ronda Lawry receives tips from Jack customers.

## GENERAL ALLEGATIONS

32. Plaintiffs and others similarly situated are "employees" of Defendants within the meaning of 29 U.S.C § 203(e)(1).

33. At all times referenced herein, Plaintiffs and others similarly situated were non-exempt from the minimum wage and overtime protections of the FLSA.

34. Plaintiffs and those similar-situated principal job activities include interacting with Casino Guest and entertaining them as part of a gambling experience.

35. Plaintiffs and those similarly-situated were required by Defendants to wear a Dealer's uniform.

36. Whenever Plaintiffs and others similarly-situated were on the casino floor, they were required to have their uniforms on.



37. At all time referenced herein, Dealer's uniforms were integral and indispensable to the creation of the gambling atmosphere Defendants sought to create and maintain in the Casino.

38. Donning and doffing uniforms is integral and indispensable activity for Dealers such as Plaintiffs and those similarly-situated because it is necessary to wear a Dealer uniform to perform the principal activities of a Dealer.

39. Plaintiffs and others similarly situated were not permitted to bring their uniforms home with them or to wear the uniforms off-premises.

40. Plaintiffs and those similar-situated were required to keep their uniforms on-site at the Casino, where the uniforms were regularly washed and/or dry cleaned, and to change in and out of their uniforms at the Casino.

41. The uniforms of Plaintiffs and those similar-situated were not kept in personal lockers but kept on a machine that would cycle uniforms much like a machine found in dry-cleaning businesses ("Uniform Conveyer").

42. Plaintiffs and those similarly situated would have to stand and wait in line for the Uniform Conveyer to dispense uniforms when they reported to work.

43. The entire process of waiting for a uniform, removing it from the Uniform Conveyer, and donning the Uniform typically took about thirty minutes to complete.

44. Plaintiffs and those similarly-situated often and to wait in line until it was their turn to place their uniform on the Uniform Conveyer.

45. The entire doffing process typically took approximately thirty minutes to complete.

46. The process of waiting for waiting for the Uniform Conveyer, donning and doffing uniforms, and traveling to and from the punch clock constituted "hours worked" within the meaning of 29 C.F.R. § 223.

The Employee's Attorney.™ 

47. The time Plaintiffs and those similarly-situated spent travelling to and from the punch clock at the beginning and end of their respective shifts was compensable because Plaintiffs performed principal activities both before and after the travel time, and therefore the travel time was all in a day's work and outside of the Portal-to-Portal Act of 1947.

48. From the beginning of the applicable statute of limitations until February of 2016, Plaintiffs and those similarly situated were not permitted to clock-in until after they had donned their uniforms and walked to a punch clock.

49. From the beginning of the applicable statute of limitations until February of 2016, Plaintiffs and those similarly situated were required to clock out when they left the Casino floor at the end of their shift, and before they doffed their uniforms.

50. From the beginning of the applicable statute of limitations until February of 2016, Plaintiffs and those similarly-situated were not paid for the time they spent donning and doffing their uniforms, or for their travel time to and from the punch clock.

51. From the beginning of the applicable statute of limitations until February of 2016, Defendants engaged in the practice of paying Plaintiffs and those similarly-situated only for the "official" starting and ending time of Plaintiff's shifts, unless the employee started or ended their shift more than twelve minutes before or after their shift.

52. Defendants had actual knowledge of the actual time Plaintiffs and those similarly-situated punched in and out, yet intentionally refused to pay Plaintiffs for the actual time they worked.

53. Defendants' practice of only paying Plaintiffs and those similarly-situated for their scheduled hours, rather than their actual hours, constituted an unlawful time-shaving practice.

54. During all times relevant to this Complaint, and as a result of the additional time Plaintiffs and those similarly-situated spent donning and doffing their uniforms, Plaintiffs and those similar-situated often worked in excess of (40) hours per workweek.

The Employee's Attorney.™



55. Defendants failed to pay Plaintiffs and those similarly-situated for all hours worked.

56. Defendants failed to pay overtime at a rate of one and one-half times the applicable regular rate for uncompensated hours over forty (40) Plaintiffs and those similarly-situated worked.

57. Defendant failed to comply with the FLSA because Plaintiffs and other similarly situated employees were regularly required to work in excess of forty (40) hours a workweek, but were not paid all overtime compensation they were due as required by FLSA.

58. Defendant failed to comply with the FLSA because Plaintiffs and other similarly situated employees were regularly paid less than the applicable hourly minimum wage once their uncompensated hours are accounted for.

59. Plaintiffs submitted complaints to Defendant for failure to pay overtime and were told they would not receive any overtime pay.

60. As a result of Plaintiff's complaints, Defendants were aware that they were violating the FLSA.

61. Defendants failed to act diligently in the face of the statutory obligations created by the FLSA with respect to Plaintiffs and those similarly-situated.

62. Defendants' violations of the FLSA were willful and reckless.

63. Defendants lacked good faith and were unreasonable in violating the FLSA.

64. In or around February of 2016, and shortly after Jack changed its name, Defendants ceased the unlawful conduct described herein.

65. Since approximately February of 2016, Plaintiffs and those similarly-situated have been paid for their donning and doffing time, travel time to and from the punch clock, and for the exact times they punch in and out at work.

## FLSA COLLECTIVE ACTION ALLEGATIONS

66. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.



67. Plaintiffs bring this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated individuals who are part of the following class:

> All individuals employed by Rock Ventures, LLC, Rock Ohio Ventures, LLC, Jack Entertainment, LLC as Dealers who were not paid for all hours worked, and/or the applicable minimum wage or overtime compensation at a rate of one and one half times their respective regular rates of pay for hours worked over forty (40) in a workweek at any time during three (3) years preceding the filing of this action

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

68. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the FLSA Class have been subjected to the common business practices referenced in paragraphs 31 through 64 herein, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' companywide practices fail to properly compensate the FLSA Class Members for all hours worked.

## **COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

50. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. During all times material to this Complaint, Plaintiffs and the FLSA Class Members were not exempt from receiving minimum wage under the FLSA because, *inter alia*, they were not "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

52. During all times material to this Complaint, Defendants failed to pay Plaintiffs and those similarly situated the proper minimum wage rate or for all hours worked as prescribed by 29 U.S.C. § 206.

53. During all times material to this Complaint, Defendants violated the FLSA with respect to the Plaintiffs and the FLSA Class Members by, *inter alia*, failing to compensate them at time-and-

The Employee's Attorney.™



one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

54. During all times material to this complaint, Defendants knew that Plaintiffs and the FLSA Class Members are not exempt from the minimum wage and overtime obligations imposed by the FLSA. Defendants also knew that they were required to pay Plaintiffs and the FLSA Class Members at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendants willfully withheld and failed to pay the minimum wage and overtime compensation to which Plaintiffs and the FLSA Class Members are entitled.

55. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

56. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs and those similarly situated for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II : VIOLATION OF THE OHIO WAGE ACT

57. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

59. During all times material to this Complaint, Jack was a covered employer required to comply with the Ohio Wage Act's mandates.



60. During all times material to this Complaint, Plaintiffs were covered employees entitled to individual protection of Ohio Wage Act.

61. Defendants violated the Ohio Wage Act with respect to Plaintiffs by, *inter alia*, failing to compensate Plaintiffs for all hours worked, failing to pay Plaintiffs the minimum wage, and failing to pay the Plaintiffs overtime.

62. In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against all Defendants and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Jack, who work or have worked as Dealers, as described herein, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied overtime, at any time during three (3) years preceding the filing of original Complaint in this matter;

(b) Awarding to Plaintiffs and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(c) Awarding Plaintiffs and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(d) Awarding Plaintiffs and the FLSA Class Members such other and further relief as the Court deems just and proper;

(e) An injunction prohibiting Jack from engaging in future violations of the FLSA and the Ohio Wage Act; and

(f) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.



Respectfully submitted,

*/s/ Chris P. Wido*_____
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney For Plaintiffs Jim Lawry and Ronda Lawry*

## JURY DEMAND

Plaintiffs demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*_____
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

