# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JIM LAWRY, et al. | : |
| Plaintiffs, | : Case No. 1:17-cv-00896 |
| v. | : Judge Solomon Oliver, Jr. |
| HORSESHOE CLEVELAND MANAGEMENT, LLC. | : |
| Defendant. | : |

## DEFENDANT HORSESHOE CLEVELAND MANAGEMENT, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Now comes Defendant Horseshoe Cleveland Management, LLC n/k/a JACK Cleveland Casino LLC ("Defendant" or "Horseshoe"), by and through counsel, and respectfully submits the following Memorandum in Opposition to Plaintiffs Jim Lawry ("Jim") and Ronda Lawry's ("Ronda" and collectively "Plaintiffs") Motion for Leave to File Second Amended Complaint ("Motion").

Respectfully submitted,

/s/ *Ryan J. Morley*
Ryan J. Morley (0077452)
Morena L. Carter (0088825)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
Phone(216) 696-7600
Facsimile: (216) 696-2038
Email: rmorley@littler.com
mlcarter@littler.com

*Attorneys for Defendant,*
Horseshoe Cleveland Management, LLC

I.   **INTRODUCTION**

Plaintiffs' Motion, filed nearly two months *after* the deadline set by this Court to do so, must be denied because Plaintiffs have no basis for filing the amendment and have not even asserted any reason for belatedly seeking to file one. Plaintiffs have conceded their claims are based solely on Plaintiffs' own knowledge and Defendant's employee handbook. This information has been in Plaintiffs' possession prior to filing the initial lawsuit, and certainly well in advance of the Court's deadline to make the amendments they now seek. Moreover, the parties agreed to the deadline to amend pleadings or add parties, which the Court ultimately included in its Case Management Conference Plan/Order ("Order"). (*See* Doc. 23, Report of the Parties' Planning Meeting; Doc. 24, Order).

In fact, Plaintiffs knew the identity of the new party they seek to add – Jennifer Bowen ("Bowen") – before they filed suit since they worked together at Horseshoe for about four years from May 2012 until May 10, 2016 and Jim discussed bringing the lawsuit with her.[1] Nevertheless, Plaintiffs inexplicably failed to include Bowen in either the original or the First Amended Complaint, both of which were filed six months (or more) before this Motion. Moreover, Plaintiffs inexplicably failed to file an amended complaint within the permitted time period to expand the time frame of the alleged violations and the scope of the putative collective. Plaintiffs now seek to extend the relevant time frame "from ending in February or March of 2016, to ending in May of 2016"[2] as well as the scope of the putative collective from employees

---

[1]   *See* Doc. 32-1, Plaintiffs' proposed Second Amended Complaint, ¶17 – Jim allegedly worked at Horseshoe from May 2012 through May 10, 2016; ¶21 – Ronda allegedly worked at Horseshoe from May 2011 through May 10, 2016; ¶25 Bowen allegedly worked for Defendant from March 2012 through May 10, 2016. *See also*, Plaintiff Jim Lawry's Answers and Objections to Defendant's First Set of Interrogatories and Request for Production, Interrogatory No. 13, pp. 10-11.
[2]   *See* Doc. 32, Motion for Leave to File Second Amended Complaint, p. 1.

2

who worked for Horseshoe as "Dealers"[3] to all "Uniform Restricted Employees."[4] Plaintiffs knew all of these alleged operative facts prior to filing the initial lawsuit and certainly prior to the amendment deadline. Despite this, Plaintiffs failed to timely amend their pleadings to include the expanded class definition.

As a result, Plaintiffs' Motion must be denied having failed to assert any facts explaining their lack of diligence in including the requested amendments in either the original or First Amended Complaint despite always having knowledge of the relevant facts. If Plaintiffs are now allowed to file their proposed Second Amended Complaint *after* the deadline, Horseshoe will suffer significant prejudice as discussed in detail below.

## II.   PROCEDURAL BACKGROUND

On April 28, 2017, Plaintiffs filed their Complaint for Violations of the Fair Labor Standards Act and the Ohio Minimum Fair Wage Act. (Doc. 1, Complaint). On May 31, 2017, Plaintiffs filed their First Amended Complaint, in which they amended the scope of the applicable time frame, among other things, but, significantly, they failed to amend the scope of the collective. (Doc. 12, First Amended Complaint, ¶¶14, 38-41).

Thereafter, on August 14, 2017, the parties filed their Report of Parties' Planning Meeting in which they mutually recommended a cut-off for amending the pleadings and/or adding additional parties. (Doc. 23, Report of the Parties' Planning Meeting). Then, on August 17, 2017, this Court entered its Order. (Doc. 24, Order). In the Order, this Court accepted the parties' recommendation and mandated that all parties must be added to the case and all pleading amendments must be made no later than September 29, 2017. (*Id.*). Despite the express Order of this Court and the mutual agreement by the parties, Plaintiffs did *not* file their Second Amended

---

[3]   *See* Doc. 12, First Amended Complaint, ¶ 57.
[4]   *See* Doc. 32, Motion for Leave to File Second Amended Complaint, p. 1.

Complaint in a timely manner. Instead, almost *two months after* the deadline expired – and after (1) Defendant served its first set of discovery requests on Plaintiffs[5]; and (2) Plaintiffs filed their Motion to Conditionally Certify Collective Action and Send Notice to Class [6] – Plaintiffs are attempting to add a new party to the case *and* amend their pleading to expand the scope of the putative collective and applicable time period.[7] (*See* Doc. 32).

### III. STANDARD OF REVIEW

Plaintiffs' entire Motion is erroneously based on Federal Rule of Civil Procedure 15. (*See* Doc. 32, p. 2). As the court in *Beaverkettle Farms, Ltd v. Chesapeake Appalachia, LLC*, 2014 U.S. Dist. LEXIS 192401, at *3 (N.D. Ohio June 5, 2014) explained, Rule 15 applies *before* the pleading deadline has passed. Once – as here – the deadline to amend the complaint has passed, a plaintiff must show good cause under Rule 16(b). *Id.*

Rule 16(b) provides that the Court "must issue a scheduling order" and such order "must limit the time to join other parties [and] amend the pleadings . . . ." The purpose of limiting the period for amending the pleadings is to "assure[] that at some point both the parties and the pleadings will be fixed . . . ." *Leary v. Deaschner*, 349 F.3d 888, 906 (6th Cir. 2003) (*quoting* Fed. R. Civ. P. 16, advisory committee notes (1983 amendment)). "For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).

---

[5] On October 3, 2017, Defendant served its first set of discovery requests on both Jim and Ronda.
[6] On October 9, 2017, Plaintiffs filed their Motion to Conditionally Certify Collective Action and Send Notice to the Class. (Doc. 29).
[7] If the Court grants this Motion and permits Plaintiffs to file the Second Amended Complaint, Defendant will seek an order from the Court permitting Defendant to file an amended Memorandum in Opposition to Plaintiffs' Motion to Conditionally Certify Collective Action and Send Notice to the Class. Defendant's Memorandum in Opposition to Plaintiffs' Motion to Conditionally Certify Collective Action and Send Notice to the Class was based on the claims made in that motion and Plaintiffs' First Amended Complaint.

4

The Sixth Circuit explained the standard that applies to untimely requests to amend the pleadings as follows:

> While the Federal Rules of Civil Procedure . . . provide that . . . courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), *that window of opportunity does not remain open forever*. Once a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b) . . . . Scheduling-order modifications, Rule 16 says, are available "only for good cause *and* with the judge's consent," Fed. R. Civ. P. 16(b)(4) (emphasis added), a threshold that requires late-moving litigants to show that "despite their diligence they could not meet the original deadline."

*Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x. 535, 536 (6th Cir. 2008) (emphasis added) (citations omitted); *see also Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."). Plaintiffs do not and cannot show good cause for failing to seek leave to amend their complaint during the time frame ordered by the Court. In fact, Plaintiffs did not move the Court for a modification of the Order.

**IV. ARGUMENT**

    **A. Plaintiffs' Request For Leave To File A Second Amended Complaint Should Be Denied Because They Failed To Establish Good Cause For Their Undue Delay.**

Plaintiffs here seek amendment under Rule 15(a). That rule, however, is not the end of the analysis. Rather, an amendment to a pleading should only be allowed if a prior deadline under Rule 16(b) has been met or that deadline is properly extended for good cause. *Ridenour v. Collins*, 692 F. Supp. 2d 827, 843 (S.D. Ohio 2009) (denying amendment to complaint where plaintiff could have amended sooner, and now knowing true identity of "doe" defendants did not excuse delay). "A court choosing to modify the schedule upon a showing of good cause, may do

so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary,* 349 F.3d at 906 (citing 1983 advisory committee notes to Rule 16).

Under Rule 16(b), the "primary measure of the 'good cause standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Kirk v. Muskingum County Ohio,* 2010 U.S. Dist. LEXIS 97437, at *6 (S.D. Ohio May 24, 2010) (*quoting Inge v. Rock Financial Corp.* 281 F.3d 613, 625 (6th Cir. 2002)). The "good cause" standard set out in Rule 16(b)(4) cannot be met where the party seeking leave to amend was aware of the facts underlying his claims before the deadline for amending the party's pleadings expired. *See Shane,* 275 F. App'x. at 537 (finding good cause did not exist to allow late amendment to complaint where party requesting leave to amend was aware of facts underlying amended complaint before the deadline for amending pleadings expired).

In other words, "'[g]ood cause' does not exist when the plaintiff 'was aware of the facts underlying the proposed amendment to her pleadings but failed, without explanation, to move to amend the complaint before the deadline.'" *Urso v. N. Coast Prof'l Co., LLC,* 2016 U.S. Dist. LEXIS 165145, at *3 (N.D. Ohio Nov. 30, 2016) (*quoting Ross v. Am. Red Cross,* 567 Fed. Appx. 296, 306 (6th Cir. 2014) (denying motion to amend where two months lapsed between the case management conference and amended pleadings deadline and plaintiff provided no explanation as to why no action was taken during that period, until a month after the amendment deadline).

In *Schrack v. R+L Carriers, Inc.,* the court denied plaintiff's motion to amend the complaint, noting: "Plaintiff has not offered a valid justification for failing to include these new allegations in the original complaint and to raise his wage violation claims before the deadline for amending the pleadings expired." 2012 U.S. Dist. LEXIS 16552, at *4-5 (S.D. Ohio Feb. 10,

2012). Such is the case here. Plaintiffs were aware of the facts underlying the proposed amendment to the pleadings but failed to amend the First Amended Complaint before the September 29, 2017 deadline, and have failed to even attempt to offer any justification for that failure. In this regard, Plaintiffs knew the identity of Bowen before they filed suit since they worked together at Horseshoe for about four years from May 2012 until May 9, 2016 and Jim discussed bringing the lawsuit with her.[8] Nevertheless, despite knowing this information at all times prior to filing the lawsuit, Plaintiffs unduly delayed in naming her as a plaintiff in this action. Instead, inexplicably, Plaintiffs waited until *two months after* the pleading amendment deadline passed to attempt to add her as a plaintiff in this action. As a result, Plaintiffs' request for leave to amend to name Bowen as a plaintiff should be denied.

Likewise, Plaintiffs knew of the existence of their alleged expanded time frame applicable to this case – "from ending in February or March of 2016, to ending in May of 2016"[9] – prior to the pleading amendment deadline of September 29, 2017. In fact, in Defendant's Answer to the First Amended Complaint, filed on July 10, 2017 – more than two months *before* the amendment deadline on September 29, 2017 – Defendant admitted that both Plaintiffs were employed by Defendant until May 8, 2016.[10] Despite having this information in July 2017, Plaintiffs delayed amending or moving for leave to amend the First Amended Complaint.

Moreover, Plaintiffs must have been aware of all three of the reasons on which they base their leave to file their Second Amended Complaint prior to October 9, 2017, the date on which they filed their motion for conditional certification, because they set forth their preferred relevant

---

[8] *See* Doc. 32-1, Plaintiffs' proposed Second Amended Complaint, ¶ 17 – Jim allegedly worked at Horseshoe from May 2012 through May 10, 2016; ¶ 21 – Ronda allegedly worked at Horseshoe from May 2011 through May 10, 2016; ¶ 25 Bowen allegedly worked for Defendant from March 2012 through May 10, 2016. *See also*, Plaintiff Jim Lawry's Answers and Objections to Defendant's First Set of Interrogatories and Request for Production, Interrogatory No. 13, pp. 10-11.
[9] *See* Doc. 32, Motion for Leave to File Second Amended Complaint, p. 1.
[10] *See* Doc. 22, Answer to First Amended Complaint, ¶¶ 14, 18.

time period and their expanded collective definition therein. Plaintiffs have not and cannot provide this Court with an explanation for their undue delay because none exists. Plaintiffs' Motion should be denied because there is no "good cause" for modifying the Court's Order to allow for the filing of yet another amended complaint.

Lastly, Plaintiffs – without providing a single basis for doing so – seek to greatly expand the scope of the putative collective from employees who worked for Defendant as "Dealers"[11] to all "Uniform Restricted Employees." This Court should not allow this misuse of the judicial process. Plaintiffs filed a First Amended Complaint, and failed to amend the scope of the putative collective at that time. Their proposed Second Amended Complaint simply replaces "Dealers" with some vague, unspecified group of employees, a change which, according to their Motion to Conditionally Certify Collective Action and Send Notice to Class, is based on the exact same information relied upon to file their original and First Amended Complaint. Plaintiffs never sought to amend the pleadings or add a party prior to the passing of the applicable deadline, or sought to amend this Court's Order to extend the deadline. The Court should decline Plaintiffs' attempt to overlook these procedural failures. Plaintiffs are the masters of their First Amended Complaint and by its express terms the collective definition has been established. The Court should not reach beyond the established deadlines set forth in its Order. This is especially true when the requested expanded scope of all "Uniform Restricted Employees" was readily ascertainable at the time the original Complaint was filed. Accordingly, the Court should deny Plaintiffs' request for leave to amend the scope of the putative class definition.

In short, good cause does not exist to allow Plaintiffs' requested late amendment because they were aware of the facts underlying the proposed Second Amended Complaint well before

---

[11] *See* Doc. 12, First Amended Complaint, ¶ 57.

the deadline for amending pleadings expired, but they nevertheless unduly delayed in bringing this Motion. As a result, this Court should deny Plaintiffs' Motion.

> **B.     Defendant Will Suffer Prejudice If Plaintiffs' Motion For Leave To Amend Is Granted.**

Horseshoe will suffer prejudice if Plaintiffs are permitted to amend their First Amended Complaint. "[I]n addition to Rule 16's explicit 'good cause' requirement . . . a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Leary,* 349 F.2d at 909; *see also Myers v. Asset Acceptance, LLC,* 2010 U.S. Dist. LEXIS 47224, at *5-6 (S.D. Ohio Apr. 2, 2010) ("Although Plaintiff's lack of diligence [in seeking amendment] is dispositive, the Court further notes that granting the relief requested would result in prejudice to Defendants").

However, "a lack of prejudice to the opposing party is not equivalent to a showing of good cause." *Schrack,* 2012 U.S. Dist. LEXIS 16552, at *3; *Snay v. Ameriwood Indust.,* 2002 U.S. Dist. LEXIS 27188, at *19 (N.D. Ohio Dec. 5, 2002) (denying plaintiffs leave to amend even though the "substantive analysis of the proposed public policy claim and the statutory claim are similar, mitigating or perhaps obviating any prejudice"); *see also Beaverkettle,* 2014 U.S. Dist. LEXIS 192401, at *5 (quoting *Craig-Wood v. Time Warner N.Y. Cable, LLC,* 2011 U.S. Dist. LEXIS 117776 (S.D. Ohio Oct. 6, 2011) (carelessness or inadvertence is not compatible with a finding of diligence and offers no reason for relief under Rule 16).

In their Motion, Plaintiffs contend in part that no prejudice will befall Horseshoe if this Court grants their Motion because it was "filed in a timely manner" and because "Plaintiffs' other changes do not change the nature or substance of their allegations."[12] Those statements are simply wrong. First, the evidence indisputably establishes that Plaintiffs *failed* to timely file their

---

12     *See* Doc. 32, Motion, p. 2.

Motion. Instead, the court-ordered amendment deadline passed almost two months *before* Plaintiffs filed their Motion. Thus, it necessarily follows based upon Plaintiffs' own argument that prejudice *will* befall Horseshoe if the Motion is granted because it is untimely.

Next, without any legal support, Plaintiffs make the conclusory argument that they do not seek to add any new substantive allegations so no prejudice will result.[13] This argument has no merit. Plaintiffs are not only attempting to add a new plaintiff to the action who asserts her own claims under the Ohio Wage Act, but are attempting to expand both the applicable time frame *and vastly expand* the scope of the putative collective.[14] Importantly, Plaintiffs are attempting to do so nearly two months *after* they filed their motion for conditional certification and nearly two months after Defendant served discovery (based on the claims in Plaintiffs' First Amended Complaint) on Plaintiffs. In fact, Plaintiffs have already responded to Defendant's discovery requests. Moreover, Defendant has spent the last month opposing Plaintiffs' motion for conditional certification as presently made, based upon the facts alleged in the First Amended Complaint and Plaintiffs' discovery responses. If this Court grants Plaintiffs' Motion, Horseshoe will be forced to expend substantial additional resources to (1) amend its opposition to include a new plaintiff, an expanded time frame, and a greatly expanded putative collective definition and (2) seek leave from the Court to serve additional discovery requests on Plaintiffs and a newly added plaintiff. Horseshoe should not be so prejudiced. Instead, Plaintiffs' Motion should be denied.

**C.     Even Under Rule 15's Liberal Standard Plaintiffs' Motion For Leave To Amend Should Be Denied.**

Even though the Court should deny Plaintiffs' Motion under Rule 16 (the applicable Federal Rule of Civil Procedure under which Plaintiffs' Motion should be evaluated), Plaintiffs'

---

[13] *See* Doc, 32, Motion, p. 1.
[14] *See* Doc. 32-1, Plaintiffs' proposed Second Amended Complaint, p. 1 and ¶¶57-62.

proposed Second Amended Complaint should also not be permitted under Rule 15 because of Plaintiffs' dilatory motive, repeated failure to cure deficiencies by amendments already permitted, undue delay, and undue prejudice to Defendant by virtue of allowance of the amendment, and the futility of the amendments. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). All of these reasons are apparent: (1) the cut-off for amending the pleadings and adding parties occurred on September 29, 2017, of which all parties were aware; (2) Plaintiffs' failed to cure the deficiencies in the First Amended Complaint despite having all of the information necessary to make such corrections since at least the date on which Plaintiffs' original Complaint was filed; (3) Plaintiffs' have had nearly five months to make the proposed amendments and offer no reason for failing to amend during this time; (4) by permitting Plaintiffs' Second Amended Complaint, Defendant will be significantly prejudiced because Defendant has already served discovery on Plaintiffs (and received responses) and is the midst of opposing Plaintiffs' motion for conditional certification based on Plaintiffs' First Amended Complaint – such opposition is due on December 11, 2017; and (5) Plaintiffs wish to amend their pleading in part to correct grammar mistakes is pointless. Under these circumstances, the Court should *not* "freely" grant Plaintiffs the leave they seek. Justice will not be served by permitting Plaintiffs' to file their Second Amended Complaint. Thus, even under Rule 15, the Court should deny the Motion.

**V. CONCLUSION**

For the foregoing reasons, Horseshoe respectfully requests that the Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint.

Respectfully submitted,

/s/ *Ryan J. Morley*
Ryan J. Morley (0077452)
Morena L. Carter (0088825)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
Phone(216) 696-7600
Facsimile: (216) 696-2038
Email: rmorley@littler.com
mlcarter@littler.com

*Attorneys for Defendant,*
Horseshoe Cleveland Management, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December 2017, a copy of the foregoing *Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Ryan J. Morley*
Ryan J. Morley

*One of the Attorneys for Defendant,*
Horseshoe Cleveland Management, LLC

Firmwide:151634080.4 093891.1001