UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| JIM LAWRY, *et al.*, | ) | Case No.: 1:17 CV 896 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| HORSESHOW CLEVELAND | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant | ) | ORDER |

## I. INTRODUCTION

Currently pending before the court in the above-captioned case are Plaintiffs Jim Lawry and Ronda Lawry's ("Plaintiffs") Motions to Amend their First Amended Complaint *Instanter* and add a new party Plaintiff Jennifer Bowen (ECF No. 32) and for Conditional Certification (ECF Nos. 29, 36.) For the reasons set forth below, Plaintiffs' Motion to Amend is granted in part and denied in part. Plaintiffs' Motion for Conditional Certification is held in abeyance pending the filing of Defendant's Amended Memorandum in Opposition to Plaintiffs' Motion for Conditional Certification, which shall be filed within ten (10) days of the date of this Order.

## II. BACKGROUND

On April 28, 2017, Plaintiffs commenced this collective action against entities which they believed operated the Horseshoe Casino for the time period relevant to this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*, and the Ohio Minimum Fair

Wage Standards Act ("Ohio Wage Law"), O.R.C. §§ 4111.15, *et seq*. (Compl., ECF No. 1) On

May 31, 2017, Plaintiffs filed their First Amended Complaint, as of right, substituting Defendant

Horseshoe Cleveland Management, LLC ("Defendant") as the relevant party. (First Am. Compl.,

ECF No. 12.) According to Plaintiffs' First Amended Complaint, this action was filed on behalf of,

> All individuals employed by [Defendant] as Dealers who were not
> paid for all hours worked, and/or the applicable minimum wage or
> overtime compensation at a rate of one and one half times their
> respective regular rates of pay for hours worked over forty (40) in a
> workweek at any time during three (3) years preceding the filing of
> this action.

("Dealer Class") (First Am. Compl. ¶ 57, ECF No. 12.) Particularly, Plaintiffs allege that, as a result

of Defendant's requirement that their casino dealers don and doff their dealer uniforms prior to

clocking into and after clocking out of their shifts, members of the Dealer Class "were not paid for

the time they spent donning and doffing their uniforms, or for their travel time to and from the punch

clock," even though such activities are "integral and indispensable" to their employment. (First Am.

Compl. ¶¶ 25–41.) As a result, Defendant engaged in a practice of "unlawful time-shaving" by "only

paying Plaintiffs and those similarly-situated for their scheduled hours, rather than their actual

hours." (*Id*. ¶ 43.) On October 9, 2017, Plaintiffs filed their Motion for Conditional Certification.

(Mot. Conditional Certification, ECF No. 29; *see also* Am. Mot. Conditional Certification, ECF No.

36.) On November 24, 2017, Plaintiffs filed their Motion to Amend Complaint *Instanter* and to add

new party Plaintiff Jennifer Bowen. (ECF No. 32.)

### III. LAW AND ANALYSIS

The court first addresses Plaintiffs' Motion to Amend their First Amended Complaint

*Instanter* and add a new party Plaintiff Jennifer Bowen because it potentially bears on Plaintiffs'

-2-

Motion for Conditional Certification. Plaintiffs assert that the filing of their Second Amended Complaint is warranted under Federal Rule of Civil Procedure 15(a) because: (1) their Motion to Amend is being filed in a timely manner, and before any depositions have taken place; (2) amendment will not result in prejudice to Defendant because it adds no new substantive allegations; and (3) adding Jennifer Bowen as a party is in the interest of justice in order to preserve her claims with respect to the statute of limitations. (Mot. Am. Compl. 1–3.)

Rule 15(a) provides that, outside of an initial amendment as of right, a party may amend his or her pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further states that "[t]he court should freely give leave when justice so requires." *Id.* Defendant correctly points out that Plaintiffs rely on the incorrect rule in their Motion to Amend. (Opp'n Mot. Am. Compl. 4, ECF No. 34.) Once a scheduling order has been set pursuant to Fed. R. Civ. P. 26(f), Rule 16(b) governs a party's ability to amend its pleading outside of the deadlines set by the court. Fed. R. Civ. P. 16(b). Particularly, once the deadline to amend pleadings has passed, "a plaintiff first must show good cause under Rule 16(b)…for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will even consider whether amendment is proper under Rule 15(a)." *Beaverkettle Farms, Ltd. v. Chesapeake Appalachia, LLC*, Case No. 4:11-CV-02631, 2014 WL 12597829, at *1 (N.D. Ohio June 5, 2014) (quoting *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009)) (internal quotations omitted). A court's "primary measure of Rule 16(b)'s 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002). It is clear that "carelessness or inadvertence is not compatible with a finding of diligence and offers no reason for a grant of

-3-

relief." *Beaverkettle Farms, Ltd.*, 2014 WL 12597829, at *1 (quoting *Craig-Wood v. Time Warner N.Y. Cable*, Case No. 2:10-CV-906, 2011 WL 4829687, at *2 (S.D. Ohio Oct. 6, 2011)). Moreover, "the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Id.* (internal quotations omitted). A case management conference pursuant to Rule 26(f) was held in this action on August 17, 2017, where the court established September 29, 2017, as the cutoff date for amending pleadings. (Aug. 17, 2017 CMC Order, ECF No. 24.)

The court must first note that reliance on their counsel's lack of understanding of the facts underlying their clients' claims as a basis for why Plaintiffs' prior pleadings did not correctly label the putative class is a relatively weak excuse. (Reply Mot. Am. Compl. 3.) However, although Plaintiffs do not directly address the good cause standard under Rule 16(b), the court finds that good cause exists here based on the particular facts, nature, and posture of this case.

The court notes that Plaintiffs do not seek to add new substantive claims, nor do they seek to rely on legal theories different than those advanced in their previous pleadings or factual circumstances that are substantially different. Plaintiffs' Second Amended Complaint would amend their First Amended Complaint in three ways by: (1) correcting the end date of the alleged violations from February or March 2016 to May 2016; (2) revising the scope of the putative class from "Dealers" to "Uniform Restricted Employees," consistent with their pending Motion for Conditional Certification; and (3) adding a new party Plaintiff Jennifer Bowen. (Mot. Am. Compl. 1.) The Second Amended Complaint seeks to represent:

> All individuals employed by Horseshoe Cleveland Management, LLC as Uniform Restricted, hourly employees who were not paid for all hours worked, and/or the applicable minimum wage or overtime compensation at a rate of one and one-half times their respective regular rates of pay for all time worked over forty (40) hours in a

4

workweek at any time during the three (3) years preceding the filing of this action.

(Second Am. Compl. ¶ 66, ECF No. 32-1.)

First, there is no dispute that Plaintiffs were employed by Defendant until May 8, 2016. (Opp'n Mot. Am. Compl. 7.) Second, it is clear from the face of both the initial Complaint, the First Amended Complaint, the proposed Second Amended Complaint, as well as Plaintiffs' Motion for Conditional Certification that the broader class Plaintiffs seek to represent relies on the same facts that were set out in the original Complaint. For example, Plaintiffs' Motion for Conditional Certification indicates that they seek to certify the following class:

> All former employees of the Horseshoe Cleveland Management, LLC who were required to use Horseshoe's in-house laundry service or whose garments were maintained on the auto-valet system who were not paid for all time worked, less than the minimum wage for all hours worked, and/or overtime compensation at a rate of one and one-half times their respective regular rates of pay for all time worked over forty (40) (sic) in a workweek at any time during three (3) years preceding the filing of this action.

("Uniform Restricted Class") (Mot. Conditional Certification 5, ECF No. 36.) Particularly, Plaintiffs contend that Defendant violated applicable wage laws through its practice of requiring certain uniformed employees to use its in-house laundry service while also requiring them to don and doff their uniforms only before or after clocking in or out of their shifts. (Mot. Conditional Certification 2–5; *see also* Second Am. Compl. ¶ 29–64.) This is precisely the same allegedly unlawful conduct upon which Plaintiffs filed this action. As a result, preventing Plaintiffs from seeking to certify the entire scope of employees potentially affected by Defendant's allegedly unlawful practice for all of the relevant time period would run counter to the interests of judicial economy in avoiding duplicative suits and the broad remedial nature of the FLSA. *See Scott v. Chipotle Mexican Grill,*

5

*Inc.*, 300 F.R.D. 193, 199 (S.D.N.Y. 2014) (considering judicial economy and the liberal construction of the FLSA in "good cause" analysis under Fed. R. Civ. P. 16(b) and concluding that "because plaintiffs' proposed new claims rely on essentially the same facts as were set out in the original complaint, forcing plaintiffs to institute a new action against the…defendant[] would run counter to the interests of judicial economy"); *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978) (noting the "broad remedial purpose of the Act, which should be given liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits.")

Moreover, the scope of Plaintiffs' amendment and delay here is far less egregious than other cases where courts have denied leave to amend under Fed. R. Civ. P. 16(b). *See, e.g.*, *Commerce Benefits Grp, Inc.*, 326 F. App'x at 376–77 (affirming denial of leave to amend where amendment sought to add new claims, came nearly four months after the deadline to amend, the case had already progressed past the dispositive discovery deadline and the original filing deadline for dispositive motions, and the opposing party had already filed for summary judgment); *Beaverkettle Farms, Ltd.*, 2014 WL 12597829, at \*2 (denying leave to amend where plaintiff sought amendment only after the court declined to address the new unpleaded claims, more than eighteen months after the cutoff); *Urso v. N. Coast Prof'l Co., LLC*, Case No. 15-CV-2459, 2016 WL 6995286, at \*1–2 (N.D. Ohio Nov. 30, 2016) (denying leave to amend where plaintiff sought to add a new claim nearly seven months after the amendment deadline, and only ten days before the extended discovery deadline). While it cannot reasonably be disputed that Plaintiffs' Motion to Amend is untimely, Plaintiffs' Motion was filed more than three months prior to any of the discovery deadlines proscribed in the court's August 17, 2017 Order. (ECF No. 24.)

Additionally, Defendant will not be unduly prejudiced by the broader class. It is true that a

6

broader class necessarily broadens the scope of Defendant's potential liability. But Defendant was well aware that Plaintiffs commenced this suit as a collective action and, as discussed above, the legal and factual basis upon which the Uniform Restricted Class relies is exactly the same as that relied upon by the narrower Dealer Class. Defendant also had an opportunity to be heard on the appropriateness of the broader class definition in Plaintiffs' Motion for Conditional Certification, which was filed just ten days after the amendment deadline, and after Plaintiffs' requests for extensions of time to file the Motion for Conditional Certification. (Mot. Conditional Certification, ECF No. 29; Mots. Extension Time, ECF Nos. 27–28.) Based on the above, the court finds that good cause exists for Plaintiffs to file their Second Amended Complaint in light of overarching principles of judicial economy and the remedial nature of the FLSA, while any prejudice to Defendant is minimal. Accordingly, Plaintiffs' Motion to Amend is granted to the extent they seek to broaden the putative class and correct the time frame of the allegedly wrongful conduct.

However, the court finds that Plaintiffs have not demonstrated good cause to join Jennifer Bowen as a named party. Plaintiffs argue that good cause exists because even if Bowen is not added as a party now, she would eventually opt-in as a member of the putative class upon conditional certification, only at that time a portion of her claims would have been extinguished due to the running of the statute of limitations. (Mot. Am. Compl. 2.) However, the court notes that Bowen's consent to sue form was filed concurrently with Plaintiffs' Motion to Amend, thus preserving her claims. *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 676 (6th Cir. 2012) (explaining that "for the purposes of the statute of limitations, the filing of the written consent "commences" the FLSA collective action); 29 U.S.C. § 256 (providing that an FLSA action "shall be considered to be commenced in the case of any individual claimant "on the subsequent date on which such written

7

consent is filed in the court in which the action was commenced.") As a result, it is not necessary for Bowen to be added as a named party in order to preserve her claims. Indeed, during the pendency of the court's consideration of the instant Motions, Plaintiffs have filed consent to sue forms on behalf of numerous additional putative plaintiffs, yet they have not attempted to maintain that each additional putative plaintiff also must be added as a named party in order to preserve their claims. (ECF Nos. 46–62.) Accordingly, Plaintiffs' Motion to Amend in order to add Bowen as a party is denied.

Having granted in part Plaintiffs' Motion to Amend , the court notes that whether Plaintiffs will be able to establish that they are similarly situated to either the narrower Dealer Class or the broader Uniform Restricted Class is a question which will be addressed in the court's determination of Plaintiffs' Motion for Conditional Certification. The court further notes that briefing on conditional certification has effectively been completed for both classes because the proposed Second Amended Complaint does nothing to cure any alleged underlying defects asserted by Defendant that would make certification of the either class inappropriate and, thus, ostensibly, there is nothing left to be developed by either of the parties on the issue. *Barrett v. ADT Corp.*, Case No. 2:15-CV-1348, 2016 WL 865672, at *5 (S.D. Ohio Mar. 7, 2016) (electing to resolve conditional certification motion with respect to both a narrower and a broader class even though issue was fully briefed only as to the narrower class where amended complaint only broadened the original class and failed to cure any of the defects that would make certification of the original class inappropriate). As a result, the court would ordinarily be satisfied that it could resolve the question of conditional certification for each potential class without any further briefing by the parties.

However, in its Opposition to Plaintiffs' Motion to Amend, Defendant indicated its intention

8

to seek leave from the court to file an Amended Memorandum in Opposition to Plaintiffs' Motion for Conditional Certification should the court allow Plaintiffs to file their Second Amended Complaint. (Opp'n Mot. Leave Am. 4 fn.7.) Plaintiffs indicated they would not offer any objection to Defendant's request. (Reply Mot. Leave Am. 4.) Thus, in light of the court's ruling on Plaintiffs' Motion to Amend, and in order to provide Defendant a full and fair opportunity to be heard on the issues raised in Plaintiffs' Motion for Conditional Certification and Plaintiffs' Second Amended Complaint, the court finds Defendant's request to be well-taken. However, the court does not wish to overly prolong resolution of Plaintiffs' Motion for Conditional Certification. Accordingly, Defendant shall file its Amended Memorandum in Opposition to Plaintiffs' Motion for Conditional Certification within ten (10) days of the date of this Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend Complaint and add a new party Plaintiff Jennifer Bowen (ECF No. 32) is granted in part and denied in part. Plaintiffs' Motion for Conditional Certification (ECF Nos. 29, 36) is held in abeyance pending the filing of Defendant's Amended Memorandum in Opposition to Plaintiffs' Motion for Conditional Certification, which shall be filed within ten (10) days of the date of this Order.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 27, 2018